WARREN D. KINNEY ET AL. v. ORRIN ROBISON.

*Practice—Review of case tried without jury—Mistrial.*

In a case tried by a judge without a jury, certain specific speculative questions were submitted to him and exceptions taken to his answers. But no special finding under Comp. L. §§ 4961-5, was asked for or made. Counsel stipulated to dispense with formal proof of the items contained in their respective bills of particulars, but reserved their rights and objections in other respects, and on error asked the Supreme Court to review the answers made by the trial judge to the questions submitted, and thereon adjudicate the whole case. *Held,* that such practice was anomalous and unauthorized, and the case was treated as a mistrial.

The methods provided by statute and by rule for reviewing a case, as upon findings of fact and of law and by exceptions to rulings on evidence and the disposition of requests to charge, are not to be superseded without good cause.

Error to Van Buren. Submitted Oct. 4. Decided Oct. 18.

ASSUMPSIT. Defendant brings error. Reversed.

*Lester A. Tabor* for appellant.

*George W. Lawton* for appellees.

GRAVES, C. J. The plaintiffs brought assumpsit on the common counts and set forth a sworn account under the statute of 1867 (2 Comp. L., p. 1712), and the defendant pleaded the general issue with an affidavit denying the accuracy of the account so set up by the plaintiffs. The plea was accompanied by notice of set-off and a statement of the particulars and an affidavit by the defendant that the plaintiffs were indebted to him on an account stated in a sum specified. These proceedings occurred in 1874, and in the spring of 1882 a trial was had before the circuit judge sitting without a jury.

No special finding pursuant to the statute was either claimed or made. But the judge made a general determination in favor of the plaintiffs. It appears from a bill of exceptions that evidence tending to establish certain propositions was given and that defendant's counsel submitted certain specific questions to the judge which he answered, and to which answers exceptions were taken. It also appears that the parties stipulated to dispense with formal proof of the items specified in their respective bills of particulars and to reserve at the same time all legal rights and objections of either side in all other respects. The Court is now asked to review the answers made by the circuit judge to the particular questions so submitted and thereupon to adjudicate the whole case.

The practice is anomalous and wholly unauthorized. The questions presented as they concern this record are purely speculative. Whether they would admit of answers which

ought to decide the case it is quite impossible to say, in the absence of facts which are not found in terms. It was competent to bring the whole facts, with the judge's conclusions of law, upon the record, and it was also competent to save any rulings on evidence, by exceptions in the usual way, and to preserve other points, if necessary, by submission of propositions in the nature of requests to charge. All these methods are provided for by rules and statutes, and they are not to be superseded nor subverted without good cause. The case is a mistrial, or at all events is to be so considered.

The judgment must be reversed, without costs, and the case set down for another trial.

The other Justices concurred.